UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ESCHELL ASHCROFT,

                Plaintiff,

                                                      **Hon. Hugh B. Scott**

                        v.

                                                        05CV488

                                                        **Order**

DEPARTMENT OF CORRECTIONS,

                Defendant.

      Before the Court is plaintiff's application for appointment of counsel contained in his Complaint (Docket No. 1). There, he requested "legal assistance to help me with this matter." Plaintiff alleges that he was legally blind and requested (but was denied by defendant) visual aids and accommodations while in the Special Housing Unit of Wende Correctional Facility (id., Compl., appendix at 10, 1-2, 3-4, 6-7). The Complaint and plaintiff's other submissions (see Docket Nos. 1, 4, 6, 7, 8, 9, 10) are in oversize type font (see also Docket No. 1, Compl., appendix at 5, 11 (requiring documents in large print, 25-point font and using 40/40 paper and 20/20 pen to write his papers)); Docket No. 4 (exhibit of plaintiff's prison grievance requesting documents in 25-point type, among other adaptive items). Cf. W.D.N.Y. Loc. Civ. R. 10(a) (all text must be 12-point type font size).

      The Court thus deems these allegations to be a motion for appointment of counsel under 28 U.S.C. § 1915(d). Assignment of counsel in this matter is clearly within the judge's discretion. See In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1986). Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial

assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit."  Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).  After reviewing the file and noting plaintiff's alleged condition, the Court believes that counsel will provide substantial assistance in developing plaintiff's arguments and the appointment would serve the interests of justice.  As a result, the Court grants his request and appoints **Sheldon K. Smith, Esq.,** as counsel for the plaintiff, pro bono, pursuant to 28 U.S.C. § 1915(d).  Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Cooper, supra, 877 F.2d 170.

The file for this matter is maintained in the Office of the Clerk of the United States District Court in Buffalo, New York.  If necessary, prior to the conference date below, the attorney for the plaintiff should make arrangements to meet with a Pro Se Staff Attorney to review the file and obtain copies of the relevant papers.  The Court Clerk is instructed to forward a copy of this Order to Mr. Smith.

As a courtesy (as with a prior Order of this Court, see Docket Nos. 13, 14), a copy of this Order will be printed in 40-point font typeface to enable plaintiff to read it.

So Ordered.

                                  */s/ Hugh B. Scott*
                                  Honorable Hugh B. Scott
                                  United States Magistrate Judge

Dated: Buffalo, New York
       April 13, 2006

Before the Court is plaintiff's application for appointment of counsel contained in his Complaint (Docket No. 1).  There, he requested "legal assistance to help me with this matter." Plaintiff alleges that he was legally blind and requested (but was denied by defendant) visual aids and accommodations while in the Special Housing Unit of

Wende Correctional Facility (id., Compl., appendix at 10, 1-2, 3-4, 6-7). The Complaint and plaintiff's other submissions (see Docket Nos. 1, 4, 6, 7, 8, 9, 10) are in oversize type font (see also Docket No. 1, Compl., appendix at 5, 11 (requiring documents in large print, 25-point font and using 40/40 paper and 20/20 pen to write his papers));

Docket No. 4 (exhibit of plaintiff's prison grievance requesting documents in 25-point type, among other adaptive items).  Cf. W.D.N.Y. Loc. Civ. R. 10(a) (all text must be 12-point type font size).

The Court thus deems these allegations to be a motion for appointment of counsel under 28 U.S.C. § 1915(d).  Assignment of

counsel in this matter is clearly within the judge's discretion.  See <u>In re Martin-Trigona</u>, 737 F.2d 1254 (2d Cir. 1986).  Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice,

and where the litigant has made "a threshold showing of some likelihood of merit." <u>Cooper v. A. Sargenti Co.</u>, 877 F.2d 170, 174 (2d Cir. 1989). After reviewing the file and noting plaintiff's alleged condition, the Court believes that counsel will provide substantial assistance in developing plaintiff's arguments and the appointment would serve the

interests of justice.  As a result, the Court grants his request and appoints **Sheldon K. Smith, Esq.**, as counsel for the plaintiff, <u>pro bono</u>, pursuant to 28 U.S.C. § 1915(d).  <u>Hodge v. Police Officers</u>, 802 F.2d 58 (2d Cir. 1986); <u>Cooper</u>, <u>supra</u>, 877 F.2d 170.

  The file for this matter is maintained in the Office of the Clerk of the United

States District Court in Buffalo, New York.  If necessary, prior to the conference date below, the attorney for the plaintiff should make arrangements to meet with a Pro Se Staff Attorney to review the file and obtain copies of the relevant papers.  The Court Clerk is instructed to forward a copy of this Order to Mr. Smith.

As a courtesy (as with a prior Order of this Court, <u>see</u> Docket Nos. 13, 14), a copy of this Order will be printed in 40-point font typeface to enable plaintiff to read it.

So Ordered.

<u>          /s/ Hugh B. Scott          </u>
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 13, 2006