UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ESCHELL ASHCROFT,

                                        Plaintiff,                          **Hon. Hugh B. Scott**

                                                                                 05CV488

                                                                                (CONSENT)

                        v.                                                     **Order**


DEPT. OF CORRECTIONS, et al.,

                                        Defendants.


        Before the Court are (a) the motion of defendant New York State Department of

Correctional Services ("DOCS") to dismiss the Amended Complaint, for extension of time to file

an Answer until after decision on this motion, and to stay discovery pending consideration of this

motion (Docket No. 38[1]); and (b) motions of most of the individual defendants for similar relief

(Docket Nos. 44, 45[2]).  These individual defendants join in the arguments of DOCS (Docket

---

[1]In support of this motion, defendant DOCS filed a memorandum of law, Docket No. 39,
and a reply declaration from counsel, Docket No. 47, and supplemental memorandum on Bell
Atlantic v. Twombly, Docket No. 51.  In opposition, plaintiff filed a brief in opposition, Docket
No. 43, their attorney's declaration, Docket No. 48, regarding the individual defendants' motions,
and his brief regarding Bell Atlantic, Docket No. 52.

[2]The Amended Complaint, Docket No. 37, names fifteen individual defendants.  Four of
these defendants, David Clarke, Marian Dunimico, Mark Overhoff, and Jason Rynkewicz, filed
Docket No. 44; eight defendants, Ann Andzel, Anthony Bator, David Hausberger, Alan Herdzik,
Timothy Jerziorski, Martin Kearney, Robert Kirkpatrick, and Girard Monihan, filed Docket
No. 45.  Contrast the caption which names a "S. Monihan" as a defendant.
        The remaining three individual defendants had Summons and Amended Complaint issued
to them but have not moved or appeared to date are Rodney P. Ashby, Donna Madison, and
Anthony Zon, Jr.; cf. Docket No. 47, Defs. Atty. Decl. ¶¶ 9-10, 6 (listing Madison and Zon as

Nos. 44, 45).  The parties consented to proceed before the undersigned as Magistrate Judge on

June 15, 2006 (Docket No. 16).

Responses to the DOCS motion were due (following stipulations of the parties) on or

before April 30, 2007, and any reply was due on or before May 7, 2007 (Docket Nos. 40, 42).

This motion was deemed submitted without oral argument on May 7, 2007 (Docket No. 42).

DOCS's motion to stay discovery pending consideration of this motion was granted and the

request to extend the time to file an Answer was deemed unnecessary under Federal Rule of Civil

Procedure 12(a)(4) (Docket No. 40).  The Court then scheduled briefing for the individual

defendants' motions to coordinate all three motions to be decided in a single Order (giving time

for the remaining individual defendants to make their own motions if they intended to).

Responses to the individual defendants' motions were due by May 21, 2007, and any reply was

due by June 4, 2007, with all motions then deemed submitted (without oral argument) on June 4,

2007 (Docket No. 46).  The individual movants received the same procedural relief (staying

discovery, denying as unnecessary extension of time to answer) as DOCS received (id.).  The

Court also adjourned a scheduled pretrial conference while this motion was pending (Docket

No. 49).  The Court then ordered the parties to brief the impact of the United States Supreme

Court's recent decision, Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955 (May 21,

---

defendants yet to be served, while listing other defendants that were served, but not listing
Ashby).

      Initially, DOCS defense counsel did not represent the individual employee and official
defendants, see Docket No. 30, Def. Memo. at 1-2.  In the later reply, DOCS counsel noted that
most of these individual defendants are now represented by his office and have separately moved
to dismiss, Dockets Nos. 44, 45, supra; see Docket No. 47, DOCS Atty. Reply Decl. ¶¶ 6-7.

2007), on this case and its change in the motion to dismiss standard, with briefs due by June 21,

2007 (Docket No. 50).

## BACKGROUND

Plaintiff (an inmate initially proceeding pro se) alleges that he is legally blind and

requested (but was denied by DOCS) visual aids and accommodations while in the Special

Housing Unit of Wende Correctional Facility (Docket No.1, Compl., appendix at 10, 1-2, 3-4, 6-

7).  DOCS filed its Answer (Docket No. 12).  The Court then appointed counsel for plaintiff

(Docket No. 15) and, whereupon plaintiff filed a proposed Amended Complaint (Docket No. 24;

Docket No. 27, Pl. Atty. Decl. Ex. A; see Docket No. 20 (plaintiff's counsel stating his intention

to seek leave to amend the pleadings)) and then moved for leave to file it (Docket No. 26; see

also Docket No. 22, stipulation extending time to file Amended Complaint).  Plaintiff was

granted leave (Docket No. 36) and filed his Amended Complaint on March 9, 2007 (Docket

No. 37, Am. Compl.; see Docket No. 41, Order for service of Amended Complaint upon

individual defendants).

*The Amended Complaint*

The Amended Complaint alleges five causes of action:  violations of the Americans with

Disabilities Act by all defendants (see Docket No. 37, Am. Compl. ¶¶ 87-93), violations of the

Rehabilitation Act by all defendants (id. ¶¶ 94-100), cruel and unusual punishment by the

individual defendants only (id. ¶¶ 101-02), denial of procedural due process by the individual

defendants (id. ¶¶ 103-04), and retaliation again by the individual defendants only (id. ¶¶ 105-

07).  The Amended Complaint adds fifteen individual defendants (id. ¶¶ 7-21).

*Defense Objections to this Amended Complaint*

Given the nature of defense motions, recitation of arguments in opposition to the previous motion for leave to amend the Complaint is in order.  Defendant DOCS raised substantive arguments against allowing plaintiff leave to amend his pleading (Docket No. 30).  DOCS argued that plaintiff's first and second causes of action were almost indistinguishable and failed to sufficiently allege a prisoner's claim for retaliation against prison personnel by not alleging a retaliatory motive by the named potential defendants (Docket No. 30, Def. Memo. at 3-5).  The amendment did not allege the involvement of potential defendants lieutenants Herdzik or Ashby in plaintiff's forced removal from his cell or these defendants' knowledge of plaintiff's grievances (id. at 5).  DOCS argued that the amendment failed to allege a claim against proposed defendant Overhoff (id. at 5-6).  The amendment also did not allege any particular litigation or grievance that the individual defendants knew of that lead to the alleged retaliation (id. at 6).

As for the third claim, DOCS contended that this claim is unrelated to the subject of the original complaint, alleging retaliatory acts and unrelated to his accommodation claims, and fails to state a claim (id. at 7-8).  DOCS then noted that this claim did not allege personal involvement by the proposed defendants (id. at 8).

As for the fourth claim for deprived due process, DOCS argued that plaintiff had no protected liberty interest in an educational, vocational or rehabilitation program to state a due process claim (id. at 9).  DOCS claimed that the amendment did not specify the disciplinary proceedings plaintiff was prevented from meaningfully participating in due to the lack of a reasonable accommodation (id.).  Again, DOCS contended that plaintiff failed to allege personal involvement of the individual defendants in this claim.

4

DOCS argued that the fifth claim was cryptic but reiterated the first and second claims for retaliation and fails for similar reasons as those claims (id. at 10-11).  Finally, defendant argued that plaintiff failed to state a claim against several of the then new individual defendants (Andzel, Kearney, Kirkpatrick, Madison, Monihan, Zon) by not alleging their personal involvement (id. at 11, 12), see Polur v. Raffe, 912 F.2d 52, 56 (2d Cir. 1990) (conclusory allegations of a conspiracy without alleging overt acts cannot avoid dismissal), cert. denied, 499 U.S. 937 (1991), claiming that plaintiff had not alleged Monell liability for supervisory or respondeat superior liability of those defendants (id. at 12), cf. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690, 694 (1978).

*Motions to Dismiss*

DOCS now moves to dismiss the Amended Complaint (Docket No. 38), which most of the individual defendants join (Docket Nos. 44, 45).  The Court thus treats all three pending motions as being identical and considers them together.  First, defendants contend that the first and second causes of action (violations of the Americans with Disabilities Act and of the Rehabilitation Act) are legally indistinguishable and both fail to state a claim (Docket No. 39, DOCS Memo. at 3).  Repeating arguments made in opposition for granting leave to amend to assert these claims, defendants now argue that plaintiff is alleging a retaliation claim in these causes of action but fails to allege facts to show defendants had a retaliatory motive (id. at 4).  As for defendants Herdzik and Ashby, plaintiff fails to allege their involvement in an extraction of plaintiff from his cell in August 19, 2005, or their knowledge of any grievances plaintiff may have filed prior to the extraction (id. at 4-5).  As for defendant Overhoff, the Amended Complaint only alleges that he "spitefully" banged on plaintiff's cell and that he "harassed" him

(Docket No. 37, Am. Compl. ¶¶ 81, 83), without specifying when these incidents occurred or provide other information to put that defendant on notice (Docket No. 39, DOCS Memo. at 5). Defendants conclude that the Amended Complaint did not identify a particular grievance or lawsuit or show that defendants have knowledge of them to sustain a retaliation claim (id. at 5-6).

Next, defendants argue that the third cause of action, for cruel and unusual punishment, fails to state a claim (id. at 6), with the individual defendants noting that the Amended Complaint did not allege their respective personal involvement in the deprivation of plaintiff's Eighth Amendment rights (id.).

On the fourth cause of action, for denial of procedural due process in not providing plaintiff with reasonable accommodations and by refusing to abide by grievance procedures, defendants also contend that plaintiff failed to state a claim (id. at 7-8).  Defendants argue that plaintiff's attempt to claim denial of access to prison educational programs does not state a due process violation since plaintiff lacks a protected liberty interest in prison educational programs, see Wright v. Coughlin, 31 F. Supp. 2d 301, 317 (W.D.N.Y. 1998) (Foschio, Mag. J.); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (dismissing claim the prison classification of inmate deprived him of access to rehabilitation program) (id. at 7).  Plaintiff alleges that, due to DOCS and others not providing reasonable accommodations for his disability, he could not participate in his grievances; defendants reply that plaintiff fails to allege which specific grievances were affected by the alleged lack of accommodations or what sanctions were imposed upon plaintiff that were "atypical and significant hardship," see Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989), due to not accommodating him in the grievance process (id. at 7-8).

As for the fifth cause of action, for retaliation by the individual defendants, defendants contend that this claim is similar to plaintiff's Americans with Disabilities Act and Rehabilitation Act claims and should be dismissed for the same reasons (id. at 8-9).

Finally, defendants argue that the Amended Complaint fails to state a claim as to some of the individual defendants, Andzel, Kearney, Kirkpatrick, Madison, Monihan, and Zon, since the Amended Complaint does not state specific allegations against them (id. at 9-10).

Defendants, however, do not argue that plaintiff fails to state a claim generally or against DOCS in the first and second causes of action.

*Plaintiff's Response*

Plaintiff argues that DOCS lacks standing to move to dismiss on behalf of the individual defendants (Docket No. 43, Pl. Memo. at 2). He contends that, as for DOCS, the motion is governed by the law of the case (from this Court's grant of leave to amend) and otherwise is meritless (id. at 2-4, 4-5). As for the individual defendants, plaintiff contends that the individual defendants have not raised additional arguments that DOCS had not already raised, thus plaintiff referred to his prior opposing arguments (Docket No. 48, Pl. Atty. Decl. ¶ 6; see also Docket No. 43).

*Defendants' Reply*

In reply to the initial motion to dismiss, DOCS argues that most of the defendants have appeared and joined in its motion, hence mooting plaintiff's standing objection (Docket No. 47, DOCS Atty. Reply Decl. ¶¶ 4-10). As for the law of the case argument, DOCS contends that this Court's earlier decision either suggested that a different standard applied for leave to amend pleadings as opposed to a Rule 12(b) motion to dismiss or the Court could not rule on the

defense motion in the context of a motion for leave to amend the pleadings (id. ¶¶ 11, 14-17),

and DOCS now seeks a ruling on this point (id. ¶ 20).  Plaintiff's response (noted above) did not

consider defendants' reply.

## DISCUSSION

I.      Standards

      A.      Motion to Dismiss

A Rule 12(b)(6) motion is addressed to the face of the pleading.  In considering such a

motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint.

Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985).  However,

conclusory allegations that merely state the general legal conclusions necessary to prevail on the

merits and are unsupported by factual averments will not be accepted as true.   New York State

Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123

(N.D.N.Y. 2002).

      B.      Bell Atlantic v. Twombly

The moving defendants have moved to dismiss the Amended Complaint on the grounds

that it states a claim for which relief cannot be granted (Docket Nos. 38, 44, 45).  While these

motions were pending, the United States Supreme Court construed the pleading requirement

under Federal Rule of Civil Procedure 8 and the motion to dismiss standard under Rule 12(b)(6)

and reconsidered the standard articulated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), Bell

Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955 (May 21, 2007); see also Iqbal v.

Hasty, No. 05-5768, 2007 U.S. App. LEXIS 13911, at *27-36 (2d Cir. June 14, 2007) (applying

retroactively Bell Atlantic in appear argued in October 2006 and decided after Bell Atlantic was

rendered).  The <u>Conley</u> Court, in denying defendants' contention that the general allegations of

discriminatory treatment in that complaint lacked sufficient specificity, <u>see</u> <u>Bell Atlantic</u>, <u>supra</u>,

127 S.Ct. at 1977 (Stevens, J., dissenting), held that, under Rule 12(b)(6), the Court cannot

dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove <u>no set of facts</u> in

support of his claim which would entitle him to relief."  <u>Conley</u>, <u>supra</u>, 355 U.S. at 45-46

(emphasis added).

The <u>Bell Atlantic</u> Court, however, retired this "no set of facts" formulation of <u>Conley</u> as

being incomplete and not the "minimum standard of adequate pleading to govern a complaint's

survival" but "described the breadth of opportunity to prove what an adequate complaint claims,"

<u>Bell Atlantic</u>, <u>supra</u>, 127 S.Ct. at 1969; <u>cf.</u> <u>id.</u> at 1979 (Stevens, J., dissenting).  The <u>Bell Atlantic</u>

Court held that the <u>Conley</u> phrase "is best forgotten as an incomplete, negative gloss on an

accepted pleading standard:  once a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the complaint," <u>id.</u> at 1969.

<u>Bell Atlantic</u> set forth a new standard to challenge pleadings at the motion to dismiss

stage.  The Court first recognized that Federal Rule 8(a)(2) requires only "a short and plain

statement of the claim showing that the pleader is entitled to relief," to provide "fair notice" to

the defendant of the claim and "the grounds upon which it rests," <u>Conley</u>, <u>supra</u>, 355 U.S. at 47,

<u>Bell Atlantic</u>, <u>supra</u>, 127 S.Ct. at 1964.  "While a complaint attacked by a Rule 12(b)(6) motion

to dismiss does not need detailed factual allegations . . . , a plaintiff's obligation to provide

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

enough to raise a right to relief above the speculative level," <u>Bell Atlantic</u>, <u>supra</u>, 127 S.Ct. at

9

1964-65 (citations, including to Conley, supra, omitted).  In setting forth the standard for alleging

a Sherman Act § 1 claim, the Court held that the Complaint must allege "enough factual matter

(taken as true) to suggest that an agreement was made," and this "plausible grounds to infer an

agreement . . . simply calls for enough fact to raise a reasonable expectation that discovery will

reveal evidence of illegal agreement," id. at 1965.  The Bell Atlantic Court held that an allegation

of parallel conduct and a bare assertion of conspiracy will not suffice to allege a Sherman Act

violation, id. at 1965-66, since those two items alone would not show that plaintiffs were entitled

to relief for Rule 8(a)(2) purposes, id.  The Court concluded that plaintiffs there needed to plead

"enough facts to state a claim to relief that is plausible on its face," id. at 1974[3].

Defendants argue that the Second Circuit analyzed Bell Atlantic in Iqbal v. Hasty, No. 05-

5768-cv, 2007 U.S. App. LEXIS 13911 (2d Cir. June 14, 2007) (Docket No. 51, Defs. Memo. at

3).  The Second Circuit noted that Bell Atlantic creates "considerable uncertainty concerning the

standard for assessing the adequacy of pleadings," that a narrow view of that case would result in

no adjustment to the pleading standard, Iqbal, supra, 2007 U.S. App. LEXIS 13911, at *27.  The

Second Circuit concluded that Bell Atlantic created a "flexible 'plausibility standard,' which

obliges the pleader to amplify a claim with some factual allegations in those contexts where such

amplification is needed to render the claims plausible," id. at *35, such as the antitrust context of

---

[3]Note, that Bell Atlantic arose in an antitrust class action commenced by represented
plaintiffs.  The Supreme Court, in Erickson v. Pardus, applied the revising the Rule 12(b)(6)
standard in a case brought by a pro se inmate plaintiff, Erickson, 127 S.Ct. 2197 (June 4, 2007)
(per curiam); see Bernstein v. City of N.Y., No. 06 Civ. 895, 2007 U.S. Dist. LEXIS 39286, at *9
(S.D.N.Y. May 24, 2007), later factoring in the barriers to pleading claims to relief and the
courts' liberal consideration of pro se pleadings in those circumstances, Erickson, supra,
127 S.Ct. at 2200; see Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S.
519, 520-21 (1972) (per curiam).

Bell Atlantic, see id. at *30-33.  The court in Iqbal considered (and then rejected) application of a

heightened pleading requirement in a Title VII action against public official defendants asserting

qualified immunity while requiring (under Bell Atlantic's plausibility standard) plaintiff to flesh

out certain conclusory allegations to address defense motion for a more definite statement under

Rule 12(e), 2007 U.S. App. LEXIS 13911, at *35-37.  Judge Cabranes, in his concurrence,

requested that the Supreme Court reconsider its precedents in light of Bell Atlantic, noting that

"to say the least, 'the guidance they provide is not readily harmonized,'" id. at *99-100 (quoting

id. at *21).

      Under Bell Atlantic's "plausibility" standard, defendants argue that plaintiff still has not

alleged a cause of action (Docket No. 51, Defs. Memo. at 4).  As for plaintiff's first and second

causes of action, defendants repeat their arguments that this Circuit requires a heightened

pleading for retaliation claims is unchanged by Bell Atlantic and Iqbal (id. at 4-5).  The Amended

Complaint fails to allege, for example, what various defendants said or when they said it to

express to plaintiff "that they would not tolerate him as a SHU inmate receiving any

accommodations for his disabilities" (Docket No. 37, Am. Compl. ¶ 74), failing to meet the

requirements for notice pleading (Docket No. 51, Defs. Memo. at 5).  As for the third cause of

action, defendants argue that the Amended Complaint "leave it to the reader to deduce which

factual allegations are supposed to support this claim" (Docket No. 51, Defs. Memo. at 7).  This

cause of action fails to name any personal involvement by any individual defendant, failing to

meet notice pleading or "plausibility" under Bell Atlantic (id.).  As for the fourth cause of action,

defendants contend that this claim does not name individual defendants or state which

proceedings plaintiff was prevented from participating in (id. at 8).  This claim did not state a

liberty or property interest that defendants interfered with to state a claim, see Thompson, supra,
490 U.S. at 460; Bedoya v. Coughlin, 91 F.3d 349, 351-52 (2d Cir. 1996) (id.).  They only were
denied access to prison educational programs, not a liberty or property interest, Wright, supra,
31 F. Supp. 2d at 317 (id.).  Plaintiff does not allege what his disciplinary sanctions were that
resulted from him not being able to participate fully in disciplinary proceedings, and how they
were atypical for inmates in Special Housing Units (id. at 9).  Defendants point out that the fifth
cause of action is similar to the first and second causes and have similar deficiencies (id. at 9).
Finally, they assert that the Amended Complaint makes no factual allegations against some of the
individual defendants (id. at 9-10).

      Plaintiff argues, however, that Bell Atlantic abandoned the Conley formulation but did
not alter the pleading requirement necessary to withstand a Rule 12(b)(6) motion, that is the
pleading needs to state enough facts that a claim to relief is plausible on its face by a short and
plain statement of the claim under Rule 8(a)(2) (Docket No. 52, Pl. Supp'al Br. at 1-2).  Plaintiff
reasserts that the Amended Complaint sufficiently states a claim for each of the five causes of
action alleged to withstand a motion to dismiss (id. at 2).

      C.      Law of the Case

      Plaintiff argues that the grant of leave to amend the Complaint is law of the case to
preclude a motion to dismiss the Amended Complaint (Docket No. 43, Pl. Memo. at 3-4).
Plaintiff contends that the futility standard under Rule 15(a) is the same as the failure to state a
claim standard for Rule 12(b)(6) motion to dismiss (id. at 3 & n.7), see Nettis v. Levitt, 241 F.3d
186, 194 & n.4 (2d Cir. 2001) ("determinations of futility are made under the same standard that
govern Rule 12(b)(6) motions to dismiss"); Javier H. v. Garcia-Botello, 239 F.R.D. 342, 345

12

(W.D.N.Y. 2006) (Schroeder, Mag. J.) ("leave to amend will be denied as futile only if the

proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim");

Dubai Islamic Bank v. Citibank, N.A., 256 F. Supp. 2d 158, 162 (S.D.N.Y. 2003) ("a court

measures futility under the same standard as a motion to dismiss under Fed. R. Civ. P.

12(b)(6)"); cf. Bell Atlantic, supra, 127 S.Ct. at 1977 (Stevens, J., dissenting) (Conley's "no set

of facts" standard permitted dismissal only when discovery or further proceedings would be

"futile"), stating this before the Supreme Court decided Bell Atlantic.  The decision to grant

leave to amend is in no way a decision on the ultimate merits of the parties' claims, see Dubai

Islamic Bank, supra, 256 F. Supp. 2d at 162 n.1.

    Nettis involved amending the Complaint there (in addition to more claims) to add

successor corporations as defendants.  The Circuit Court stated, given the liberality due when the

issue is adding defendants, that the futility standard for leave to amend was the same as that for a

motion to dismiss, 241 F.3d at 193, 194 & n.4, and concluded that plaintiff's efforts to add the

successor defendants were not futile, id. at 194.

    Magistrate Judge Schroeder, in Javier H., noted that plaintiffs' motion their included

adding defendants (as well as new plaintiffs and new claims) and that the addition of parties is

governed by Rule 21, which allows for such amendments as are just, Fed. R. Civ. P. 21, and such

motions are evaluated on the same standard of liberality as for motions to amend the pleading

under Rule 15, Javier H., supra, 239 F.R.D. at 346; see Rush v. Artuz, No. 00 Civ. 3436,

2001 U.S. Dist. LEXIS 17480, at *14 (S.D.N.Y. Oct. 26, 2001).  In applying the futility standard

to a motion to add parties, Magistrate Judge Schroeder then evaluated the timeliness of claims

against these new defendants and granted leave to plead claims that were not time barred by the statute of limitations as to the new parties, Javier H., supra, 239 F.R.D. at 348.

"Law of the case directs a court's discretion, it does not limit the tribunal's power," Arizona v. California, 460 U.S. 605, 618 (1983) (citations omitted).  "The doctrine of the law of the case is not an inviolate rule in this Circuit.  In Slotkin v. Citizens Casualty Co. of New York, 614 F.2d 301, 312 (2d Cir. 1979), cert. denied, 449 U.S. 981 . . . (1980), we reiterated our long-established view that the law of the case is, at best, a discretionary doctrine which 'does not constitute a limitation on the court's power but merely expresses the general practice of refusing to reopen what has been decided.  Dictograph Products Co. v. Sonotone Corp., 230 F.2d 131, 134-36 (2d Cir.), petition for cert. dismissed per stipulation, 352 U.S. 883 . . . (1956).'"  United States v. Birney, 686 F.2d 102, 107 (2d Cir. 1982); see also McClain v. United States, 676 F.2d 915, 917 (2d Cir. 1982).  Within this Circuit, the doctrine of law of the case is discretionary, Furlong v. Shalala, 238 F.3d 227, 235 n.4 (2d Cir. 2001); McClain, supra, 676 F.2d at 917.

But in granting leave to amend here, this Court noted that DOCS's arguments were "better made as a motion to dismiss or (with supporting evidence) a motion for summary judgment" (Docket No. 36, Order at 6).  DOCS now replies that it either could seek reconsideration of the grant of leave to amend or a clarification of this Court's Order granting that leave (Docket No. 47, DOCS Atty. Reply Decl. ¶ 20).  Here, the then lone defendant (DOCS) objected to granting leave to amend the Complaint to add defendants by raising arguments as to those new defendants (in turn raising the standing issue that plaintiff now raises in opposition to DOCS's present motion to dismiss).  That standing concern alone made objections to the motion for leave to amend not the appropriate point to challenge whether

14

plaintiff stated a claim against the new defendants.  Furthermore, the Supreme Court's <u>Bell</u> <u>Atlantic</u> decision has changed the standard for motions to dismiss (hence changing the futility calculus for motions for leave to amend or to dismiss).  Thus, the law of the case is not a bar here.  It is not material whether this is termed the Court's reconsideration of the motion for leave to amend or consideration of most of the defendants' motions to dismiss, especially if the latter is conducted under a new legal standard.

The Court next will consider movants' (especially DOCS) standing to move to seek dismissal of claims against other defendants who have yet to appear.

II.      DOCS Arguing for Individual Defendants

    A.      Movant Defendants

DOCS filed this motion prior to the Order for service of the Amended Complaint upon the individual defendants (Docket No. 41).  DOCS nevertheless repeated its argument as to the individual defendants (since the new claims were addressed to those defendants).  The Amended Complaint failed to state a claim as to some of them, Andzel, Kearney, Kirkpatrick, Madison, Monihan, and Zon, since the Amended Complaint does not state specific allegations against them.  (Docket No. 39, DOCS Memo. at 9-10.)  Plaintiff argues that DOCS lacks standing to argue for these defendants (Docket No. 43, Pl. Memo. at 2; <u>see</u> Docket No. 47, Defs. Atty. Decl. ¶ 4).  DOCS replied that this objection is moot because the individual defendants have appeared and separately moved to dismiss (<u>see</u> Docket Nos. 44, 45), joining in DOCS's arguments (Docket No. 47, Defs. Atty. Decl. ¶¶ 5-8).

Most of the individual defendants have moved to join in DOCS's arguments (Docket Nos. 44, 45).  As to them, the standing issue is **moot** (see Docket No. 47, DOCS Atty. Reply Decl. ¶ 8).  However, this issue remains as to the three defendants who have yet to appear.

B.      Defendants Who Have Yet to Appear

To date, defendants Madison and Zon have not appeared (see id. ¶ 9), as well as defendant Ashby.  So the question remains whether DOCS (or the other codefendants) have standing to argue Ashby, Madison, and Zon's particular defenses.

In opposing DOCS having standing as to the (non-appearing) defendants, plaintiff cites Crabtree Corp. v. State of Colorado, No. 88-C-1012, 1989 U.S. Dist. LEXIS 9351 (D. Colo. Aug. 9, 1989), for the proposition that one defendant lacks standing to move to dismiss on behalf of other defendants (Docket No. 43, Pl. Memo. at 2 n.4).  The district court there did dismiss claims as to defendants, but held that a defendant that filed an Answer did not have standing to move to dismiss on lack of service of any other defendant, id. at *7.  The other case cited, Marshall v. Intelligence Services, Inc., No. 78 C 1239, 1978 U.S. Dist. LEXIS 20335, at *2-3 (E.D.N.Y. Jan. 5, 1978) (Docket No. 43, Pl. Memo. at 2 n.4), involved a summary judgment motion and the district court holding that one defendant lacked standing under Rule 56 to move for summary judgment on behalf of the plaintiff against the co-defendants.

In Dover Ltd. v. A.B. Watley, Inc., No. 04 Civ. 7366, 2006 WL 2987054, at *8 (S.D.N.Y. Oct. 18, 2006) (Maas, Mag. J.), however, the district court held that a defendant not named in some counts of a complaint lacked standing to move to dismiss those counts.  This is similar to DOCS's attempt here to move to dismiss on behalf of all of its defendant employees, including those who have yet to appear in this action.  Thus, DOCS (and the other moving defendants) lack

16

standing to move to dismiss claims against the non-appearing defendants Madison, Zon, and

Ashby and their motions as to these claims is **denied**.

Next, the Court will consider whether plaintiff alleged enough facts in each of his claims

against the named moving defendants "to state a claim to relief that is plausible on its face," Bell

Atlantic, supra, 127 S.Ct. at 1974 (see Docket No. 51, Defs. Memo. at 4).

III.    Merits

The moving defendants contend that the amended first, second (at least in part), third,

fourth, and fifth claims each fail to state a cause of action, repeating the arguments made by

DOCS in opposition to amending the Complaint.

A.    First and Second Causes of Action–Allegation of Retaliation

The moving defendants contend that plaintiff fails to allege a retaliatory motive to state

claims in his first and second causes of action (Docket No. 39, DOCS Memo. at 3, 4) or allege

retaliatory motive or the particular grievance or lawsuit that defendants had knowledge of that

resulted in defendants' alleged retaliation (id. at 4, 5-6).

This Circuit requires a higher level of detail in pleading prisoner retaliation claims, Gill v.

Mooney, 824 F.2d 192, 194 (2d Cir. 1987) (citing Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir.

1983)); Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001) (courts approach prisoner retaliation

claims with skepticism), overruled on other grounds by Sweirkiewicz v. Sorema, N.A., 534 U.S.

506 (2002); Davis v. Goord, No. 01-0116, 2003 U.S. App. LEXIS 13030, at *13 (2d Cir. July 21,

2003) (citing Dawes, supra); see Colon v. Coughlin, 58 F.3d 865, 872-73 (2d Cir. 1995).  In

order to state a claim for retaliation, plaintiff needs to allege that he engaged in constitutionally

protected conduct and that the retaliation was a "substantial" or "motivating" factor in

17

defendants' actions, <u>Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287 (1977).  In the new <u>Bell Atlantic</u> regime, plaintiff here needs to allege facts that plausibly state a claim of retaliation on its face.

While alleging potentially constitutionally protected conduct (access to vision accommodation equipment), plaintiff does not allege a retaliatory motive for all of the alleged actions by defendants.  Plaintiff's allegation, however, against Jeziorski for not supplying plaintiff with a 20-20 pencil because he may use it to file further grievances (Docket No. 37, Am. Compl. ¶ 76) **does** state a claim; this allegation satisfies alleging Jerziorski's retaliatory motivation for purposes of Rules 8 and 12 pleading.  Plaintiff need not specify at the pleading stage the precise grievances that he filed or was impeded from filing or pursuing.  He has sufficiently alleged that Jeziorski had sufficient animus against plaintiff for filing past grievances whatever they were.  Thus, plaintiff's Amended Complaint as against Jeziorski **survives**; claims as against other individual moving defendants are **dismissed**.

B.      First, Second and Third Causes of Action–Individual Defendants' Involvement

Next, the moving defendants argue that plaintiff fails to allege individual involvement by some of the defendant employees or officials (Docket No. 39, DOCS Memo. at 4-5, 6; Docket No. 51, Defs. Memo. at 5-6).  They also contend that some of the individual defendants named in the Amended Complaint do not have specific allegations made against them.  They state that three of the defendants, Herdzik, Ashby, and Jerziorski, were in Attica Correctional Facility when plaintiff claims they directed an extraction team from his cell in Wende (Docket No. 51, Defs. Memo. at 5; <u>cf.</u> Docket No. 37, Am. Compl. ¶¶ 14, 13, 15, 75).

18

Plaintiff's factual allegations state that "defendants" generally deprived him of various pieces of accommodation equipment or facilities while in Wende's Special Housing Unit (see Docket No. 37, Am. Compl. ¶¶ 37, 39, 41-45, 47-48, 49-52, 54, 55), but without specifying which defendant or defendants denied a given item.  This fails to state a plausible claim for relief.  The fact, however, that defendants dispute whether particular defendants were assigned to Wende when plaintiff claims they were there does not render the allegation subject to dismissal under Rule 12 (b)(6) and Bell Atlantic, cf. Bell Atlantic, supra, 127 S.Ct. at 1965 (no probability requirement to allege a well pleaded complaint).  Thus, for the moving defendants, the first and second causes of action are **dismissed**.

> C.     Third Cause of Action Fails to State a Claim

Plaintiff alleges cruel and unusual punishment in the third cause of action and the moving defendants contend that the Amended Complaint fails to state a claim in not alleging cruel and unusual punishment in depriving plaintiff of reasonable accommodations (Docket No. 39, DOCS Memo. at 6).  Plaintiff plausibly alleges claims against individual defendants where he alleges what each defendant did to provide notice to that party.  For example, plaintiff alleges that defendants Herdzik, Ashby, and Jerziorski directed or conducted an extraction of plaintiff from his cell in August 2005 in retaliation for his request of a "20-20" pencil and that Jerziorski, in a separate extraction, destroyed some accommodation equipment plaintiff had in his cell (Docket No. 37, Am. Compl. ¶¶ 75, 76, 78).  This plausibly alleges a claim.  Plaintiff also plausibly alleges a claim that defendant Bator threw a rolled up magazine at defendant's face, hitting him in the eye and injuring him (id. ¶¶ 79, 80).  He also plausibly alleges a claim against Jeriorski, Overhoff, and Rynkewicz for harassing him and Rynkewicz for extracting him from his cell

because of plaintiff's own attempted modification of his cell door by erecting a paper screen to keep light out (id. ¶¶ 83, 84).

The plaintiff fails, however, to plausibly allege claims against the other individual defendants (or against the above named defendants in other instances) when he makes general allegations that "defendants" acted in some manner.  These general allegations (e.g., id. ¶¶ 41-45), while stating what was done to plaintiff, does not provide notice to any particular defendant of his alleged actions in a particular instance.  Therefore, these portions of this third cause of action are **dismissed**.  Plaintiff also did not plausibly allege a cruel and unusual punishment claim against Overhoff for banging on plaintiff's cell (id. ¶ 81) by not attributing this action to any retaliatory motive or alleging how banging on a cell on a presumably single instance constitutes cruel and unusual punishment.  This claim as against Overhoff is also **dismissed**.

> D.     Fourth Cause of Action Fails to State a Claim

Next, the moving defendants argue that the fourth claim, for denial of procedural due process, also fails to state a claim (Docket No. 39, DOCS Memo. at 7-8).  Plaintiff alleges a plausible claim against defendant Duminuco for depriving plaintiff access to the prison law library because plaintiff filed a grievance a month earlier (Docket No. 37, Am. Compl. ¶¶ 82, 18).  But plaintiff fails to plausibly allege a general due process claims against the other individual defendants (or generally against Duminuco).  Plaintiff's allegation that he filed and administratively exhausted numerous grievances belie his contention that defendants prevented him from meaningfully participate in grievance and other proceedings (but cf. id. ¶¶ 68, 69).  Plaintiff does not allege, for example, instances where he wanted to grieve or was impeded from

20

grieving due to the lack of accommodations for his condition.  Thus, the bulk of the fourth cause

of action, save the specific allegation against Duminuco, is **dismissed**.

       E.       Fifth Cause of Action as Repeat of First and Second

       Finally, the moving defendants argue that the fifth cause of action, for retaliation by

individual defendants, was similar to his first and second claims (for retaliation under the

Americans with Disabilities Act and the Rehabilitation Act) and also should be dismissed

(Docket No. 39, DOCS Memo. at 9-10).

       Plaintiff fails here to plausibly allege a retaliation claim against the individual defendants.

He fails to allege how each defendant either retaliated or failed to intervene when others

interfered with his rights (or allege the duty of these defendants to intervene) to plausibly state

plaintiff's claim here.

       F.       Remaining Claims

       As a result of this Order, plaintiff has claims against defendant DOCS under his first and

second causes of action, and claims against non-appearing defendants Ashby, Madison, and Zon.

He also has claims where he specified other individual defendants and their liability, as discussed

above, in the first, second, third, and fifth causes of action.  Plaintiff's claims are reduced to

those stemming from DOCS's policy regarding affording reasonable accommodations to inmates

in Special Housing Units, with individual defendants' incidents that plaintiff has sufficiently

alleged.

## CONCLUSION

       For the reasons stated above, defendant New York State Department of Correctional

Services' motion to dismiss the Amended Complaint (Docket No. 38) is **granted in part** (as

detailed above**), denied in part** (as to defenses for non-appearing defendants Madison, Zon, and Ashby); codefendants' motions to dismiss (Docket Nos. 44, 45) similarly are **granted in part, denied in part** as stated above.

The Court previously **granted** the other relief sought in defendants' present motions, namely staying discovery during the pendency of this motion, and deeming unnecessary the extension of time to answer the Amended Complaint (Docket Nos. 40, 46).  Given that claims remain following disposition of these motions, the remaining defendants shall file Answers to the Amended Complaint by **August 6, 2007**, and the Court will set a new Scheduling Conference to establish an Amended Scheduling Order for commencement and completion of discovery and other pretrial activities.

So Ordered.

_/s/ Hugh B. Scott_

Honorable Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
July 6, 2007

22