UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ESCHELL ASHCROFT,

           Plaintiff,

v.

DEPT. OF CORRECTIONS, et al.,

           Defendants.

**Hon. Hugh B. Scott**

05CV488

(CONSENT)

**Order**

      Before the Court is a follow up to the show cause Order issued by the Court on October 29, 2007, returnable November 16, 2007 (Docket No. 63; see Docket No. 65). The parties consented to proceed before the undersigned as Magistrate Judge on June 15, 2006 (Docket No. 16).

## BACKGROUND

      Plaintiff (an inmate initially proceeding pro se) alleges that he was legally blind and his eyes are unusually sensitive to light and otherwise benign substances (Docket No. 37, Am. Compl. ¶¶ 1-2). He requested (but was denied by defendant Department of Correctional Services ("DOCS")) visual aids and accommodations for his condition while in the Special Housing Unit of the Wende Correctional Facility ("Wende") (Docket No. 1, Compl., appendix at 10, 1-2, 3-4, 6-7; Docket No. 37, Am. Compl. ¶¶ 28-58). Plaintiff also alleges inhumane conditions of his confinement due either to deprivation of these accommodations or retaliatory actions by

defendants for attempts by plaintiff to obtain or retain these accommodations (see Docket No. 37, Am. Compl. ¶¶ 60-85).

The Court appointed counsel for plaintiff (Docket No. 15) and, whereupon plaintiff filed a proposed Amended Complaint (Docket No. 24; Docket No. 27, Pl. Atty. Decl. Ex. A) and moved for leave to so file (Docket No. 26). That motion was granted (Docket No. 36), plaintiff filed his Amended Complaint (Docket No. 37), and the Court ordered service of that pleading (Docket No. 41). Most[1] of the defendants then moved to dismiss the Amended Complaint (Docket Nos. 38, 44, 45), which the Court granted in part and denied in part (Docket No. 53). That Order left the following claims still before the Court:

> "plaintiff has claims against defendant DOCS under his first and second causes of action, and claims against non-appearing defendants Ashby, Madison, and Zon. He also has claims where he specified other individual defendants and their liability, as discussed above [in that Order], in the first, second, third, and fifth causes of action. Plaintiff's claims are reduced to those stemming from DOCS's policy regarding affording reasonable accommodations to inmates in Special Housing Units, with individual defendants' incidents that plaintiff has sufficiently alleged,"

(Docket No. 53, Order at 21). The remaining claims against individual defendants were dismissed as inadequately plead (id. at 17-21). Claims under the third cause of action remain

---

[1] The Amended Complaint, Docket No. 37, names fifteen individual defendants, id. ¶¶ 7-21, 24. Four of these defendants, David Clarke, Marian Dunimico, Mark Overhoff, and Jason Rynkewicz, filed one motion to dismiss, Docket No. 44; eight defendants, Ann Andzel, Anthony Bator, David Hausberger, Alan Herdzik, Timothy Jerziorski, Martin Kearney, Robert Kirkpatrick, and Girard Monihan, filed another motion to dismiss, Docket No. 45. DOCS separately moved to dismiss the Amended Complaint, Docket No. 38.
The remaining three individual defendants had Summons and Amended Complaint issued to them but have not moved or appeared to date are Rodney P. Ashby, Donna Madison, and Anthony Zon, Jr.; cf. Docket No. 47, Defs. Atty. Decl. ¶¶ 9-10, 6 (listing Madison and Zon as defendants yet to be served, while listing other defendants that were served, but not listing Ashby).

against defendants Herdzik, Jeziorski, Bator, Clarke, Overhoff (for harassment), and Rynkewicz, and claims under the fourth cause of action remain against defendant Duminuco (id.). All claims were dismissed against defendants Kirkpatrick, Monihan, Andzel, Kearney, and Hausberger (see id.). These remaining defendants have not filed an Answer to the Amended Complaint.

Meanwhile, from July 2007 plaintiff (contacting the Court pro se) sent the Court a series of alarming letters, including a putative motion, some threatening drastic, self-destructive action. Therein, he complained about his conditions and harassment as a result of this pending action. He requested (and proposed to move for) an Order to transfer him from Wende to the Eastern Correctional Facility, a facility which plaintiff claims has the accommodations he seeks for his visual impairments. He also requested (among other forms of relief) restoration of accommodation devices he previously had (essentially the merits of his claim). (See Docket No. 55.) Later, plaintiff complained that his Court-appointed counsel was not adequately assisting him (by not communicating with him and by not pursuing plaintiff's arguments). The Court had copies of this correspondence sent to all counsel, instructed counsel to investigate the situation (Docket No. 55), and held conferences on October 16, 2007 (Docket Nos. 59, 60), and October 19, 2007 (Docket No. 61), to discuss these issues. The Court then issued an Order scheduling the next conference and noted that

> "Plaintiff has complained the defendants and other prison officials have deprived him of wraparound sunglasses (among other accommodation equipment) essential for him to leave his cell to take telephone calls, including conferences with counsel and court teleconferences. In order to facilitate this action, it is ORDERED that defendant DOCS shall provide plaintiff with equipment necessary to allow him to attend telephone conferences with counsel or the Court outside of his cell, such as wraparound sunglasses or other protective eye wear."

(Docket No. 62, Order at 1).

Plaintiff again wrote

> "letters to chambers dated Oct. 21, 23, 2007, . . . indicating that plaintiff did not receive wraparound ultraviolet light sunglasses plaintiff states is necessary for him to leave his cell to meet with counsel in this action.  Plaintiff is legally blind and has extreme photosensitivity[.]
> 
> "Defendants are to show cause why they should not be held in contempt of Court for failing to abide by Court's previous Order (Docket No. 62) that order defendant Department of Corrections Services to "provide plaintiff with equipment necessary to allow [plaintiff] to attend telephone conferences with counsel or the Court outside of his cell, such as wraparound sunglasses or other protective eye wear."

(Docket No. 63, Order to Show Cause at 1.)  At the Show Cause argument, defendants questioned plaintiff's condition and whether it warranted special eyewear and argued that the goggles provided by plaintiff's counsel posed security risks.  The Court directed counsel for both parties to work out conditions for plaintiff to have goggles for visits with counsel and for an ophthalmological examination consistent with the terms mentioned during that argument (Docket No. 65).

## DISCUSSION

I.   Goggles to Plaintiff

After this show cause hearing, the Court orders the following:

1.   Defendants shall arrange for plaintiff to be examined by an ophthalmologist and that examination shall occur within **ninety (90) days** of entry of this Order.

2.   Plaintiff shall cooperate fully in the ophthalmological examination.

3.   Plaintiff's attorney may be present for the ophthalmological examination.

4. Plaintiff, through his attorney, may request an ophthalmologist from those already under contract with the New York State Department of Correctional Services, and defendants shall not unreasonably deny such request.

5. Plaintiff's attorney shall obtain a new pair of goggles similar to those which plaintiff's attorney mailed to plaintiff on September 27, 2007.

6. Plaintiff's attorney shall deliver those goggles to the Assistant Attorney General representing defendants.

7. The Assistant Attorney General shall deliver those goggles to Wende.

8. Defendants shall provide those goggles to plaintiff, under the following conditions.

9. Plaintiff is not to receive the goggles while inside his cell.

10. Plaintiff shall receive the goggles only when he is let out of his cell to visit his attorney, to attend the above-mentioned ophthalmological examination, defendants' deposition of plaintiff or other deposition where the Court orders plaintiff's presence, see Fed. R. Civ. P. 26(c)(5), or to attend conferences with the Court, whether in person or by telephone.

11. Because plaintiff is handcuffed when outside of his cell, when plaintiff is let out of his cell for the purposes specified above, a staff member at Wende shall put the goggles on plaintiff, and shall remove them when plaintiff is brought back to his cell.

12. Defendants shall ensure that the goggles are available for the above-mentioned purposes for the duration of this litigation.

13. This Order shall remain in effect for the duration of this litigation unless expressly rescinded or modified by the Court.

14. Notwithstanding this Order, this Order does not constitute any finding of liability in this underlying action.

It is hoped that, by the above process, plaintiff will be afforded meaningful access to counsel (and by extension to the Court) without either the possibility of hybrid representation[2] or hindrance by any party and get this case to consideration of its merits. This Order presumes a level of cooperation between plaintiff, defendants, and other prison staff at Wende to have its terms fully implemented. Breach of this Order by any party may lead to dire consequences–issue or evidence preclusion for defendants or dismissal of this action with prejudice for plaintiff, see Fed. R. Civ. P. 16(f) (citing sanctions available under Federal Rule 37(b)(2)(B), (C), (D) for failure to obey a pretrial Order), 41(b).

II. Scheduling Issues

As stated above, some remaining defendants have yet to answer the Amended Complaint (cf. Docket No. 53, Order at 22), and the current Scheduling Order (Docket No. 21) needs to be updated. Defendants who have not answered have until **December 3, 2007**, in order to file an Answer to the Amended Complaint. Counsel for the parties shall submit (either jointly or separately), proposed dates for an Amended Scheduling Order by **December 17, 2007**. The Court then will issue an Amended Scheduling Order.

---

[2] Plaintiff again is reminded that he is not to engage in hybrid representation and should direct future communication to the Court through his appointed counsel, see Docket No. 62, Order at 1; Docket No. 55, Order at 2. The process ordered herein should facilitate that communication.

For the convenience of plaintiff, the Court shall reproduce a large-font version of the text of this Order.

So Ordered.

/s/ Hugh B. Scott<br>Honorable Hugh B. Scott<br>United States Magistrate Judge

Buffalo, New York
November 21, 2007

Attachment–40 point font copy of text